**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| WHEEL PROS, LLC, <br><br>   Plaintiff, <br><br> vs. <br><br> RHINO TIRE USA, LLC.; QINGDAO RHINO INTERNATIONAL CO., LTD.; QINGDAO RHINO INT'L CO., LTD; and WILLIAM YI, an Individual, <br><br>   Defendants. | Case No. 6:22-cv-02171-JSS <br><br><br> PLAINTIFF WHEEL PROS, LLC'S REQUEST FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT, JOSÉ G. CUNEO |

Plaintiff, Wheel Pros, LLC moves for leave to file a brief reply memorandum in support of its motion to exclude the testimony of defendants' expert witness, Jose G. Cuneo, pursuant to Federal Rules of Evidence 401, 402, 403, and 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The proposed reply will not exceed seven pages.

Wheel Pros believes that a reply memorandum may be useful to the Court to address both factual and legal errors in the opposition filed by defendants (collectively, "Rhino Tire"). Much of Rhino Tire's opposition is based on a faulty factual premise—*i.e.*, the assertion (unsupported by affidavit or other admissible evidence) that Wheel Pros "does not even sell tires." (Dkt 173, p. 2) That is an indisputably false statement—Wheel Pros has huge annual sales of tires.

1

Moreover, even if Wheel Pros did not sell tires (which it does), Rhino Tire has *admitted* under FRCP 36 that tires and wheels are "related products" for trademark purposes, meaning that Rhino Tire can be liable for infringement even if it does not sell products identical to those sold by Wheel Pros.   *See, e.g., FCOA LLC v. Foremost Title & Escrow Servs. LLC*, 57 F.4th 939, 947 (11th Cir. 2023) (noting that the similarity of the goods and services the parties' respective marks represent is an important factor in determining whether there is a likelihood of confusion).

Rhino Tire also asserts that it sells "non-Rhino branded tires" and "non-Rhino Branded wheels," implying that those sales cannot be considered in determining damages.  (Doc. 173, p. 6)  In fact, *all* of Rhino Tire's products are sold under the "Rhino" name and brand—its products are listed under the Rhino name on its website (*see* https://www.rhinotireusa.com/), are distributed to retail outlets in trucks marked with the Rhino name, and often come in packaging identifying the products as coming from Rhino (Tire).  Thus, all of Rhino Tire's profits are subject to disgorgement under 15 USC §1117.

The most glaring *legal* flaw in Rhino Tire's argument is the claim—unsupported by citations to cases or statutes—that the difference between Mr. Cuneo's estimate of possible damages and those of Wheel Pros' damage expert, Barbara Luna, is simply a disagreement over "what constitutes the infringing goods."  That claim is based upon the faulty premise that Rhino Tire's sales of

goods that do not directly bear the Rhino name cannot be infringing.  In fact, it is well established that a trademark owner need not sell the exact same goods; it is sufficient if the goods are related (which has been admitted) in the minds of consumers.  *See, e.g., Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1255 (11th Cir. 2016), *quoting Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1338 (11th Cir. 1999).  Further, unjust enrichment remedies do not require direct competition; a defendant's unjust retention of indirect benefits supports recovery.  *Maltina Corp. v. Cawy Bottling Co.*, 613 F.2d 582, 585 (5th Cir. 1980) ("an accounting is proper even if the defendant and plaintiff are not in direct competition").  Accordingly, the law is clear that Wheel Pros may recover Rhino Tire's profits/unjust enrichment for sales of related goods.

Prior to filing this motion, counsel for Wheel Pros conferred with counsel for the Defendants who objects to the relief requested.

Dated: May 2, 2025,

Respectfully submitted,

/s/ Cameron S. Frye
CAMERON S. FRYE
Florida Bar No. 105142
de Beaubien, Simmons, Knight,
 Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
cfrye@dsklawgroup.com
*Attorneys for Plaintiff*

NEIL D. GREENSTEIN          and
ndg@techmark.com
*(Pro hac vice)*
TechMark
2300 Wilson Blvd, #700
Arlington, VA 22201
Telephone: (347) 514-7717
E-mail: ndg@techmark.com

3