**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| WHEEL PROS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RHINO TIRE USA, LLC.; QINGDAO RHINO INTERNATIONAL CO., LTD.; QINGDAO RHINO INT'L CO., LTD; and WILLIAM YI, an Individual,<br><br>Defendants. | Case No. 6:22-cv-02171-JSS-NWH |

JOINT MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES PENDING RULINGS ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Wheel Pros, LLC and Defendants Rhino Tire USA, LLC, Qingdao Rhino International Co., Ltd., Qingdao Rhino Int'l Co., Ltd., and William Yi (collectively, "the Parties"), jointly and respectfully move this Court for a limited continuance of the current trial date and associated pretrial deadlines set forth in the operative Case Management and Scheduling Order (Dkt. 162), pending resolution of the Parties' cross-motions for summary judgment (Dkts. 164, 93), and in support state:

1. The Parties have filed comprehensive dispositive motions that, if granted in whole or in part, may substantially narrow the issues for trial, affect the evidence to be presented, affect the length of the trial, affect the

number, length and substance of jury instructions, affect demonstrative exhibits, affect the number of witnesses (who are located all over the country -- from California to New Jersey to Florida) or eliminate the need for a trial altogether. The parties have a mandatory in-person meeting of trial counsel next month at which they must exchange many pre-trial documents.

2. In the interest of judicial efficiency and economy, the Parties agree that it would be prudent to continue trial-related deadlines — including submission of the Joint Final Pretrial Statement, motions *in limine*, deposition designations, exhibit lists, and related filings — until the Court has ruled on the pending dispositive motions.

3. A brief stay would conserve judicial resources by having a more streamlined submission of documents and the pre-trial statement, and avoid the significant cost and burden to the Parties of preparing for trial on claims or defenses that may soon be resolved.

4. The Parties further note that a *Daubert* motion remains pending (Dkt. 172). While not dispositive, resolution of that motion may also streamline evidentiary issues and clarify the presentation of testimony at trial.

5. All Parties have conferred and consent to this proposed continuance. It is sought in good faith and would not prejudice either side.

## MEMORANDUM OF LAW

It is well established that a district court has the inherent authority to manage and control its own docket in order to achieve the expedition disposition of its cases. *See, e.g. Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv.*, Inc., 556 F.3d 1242, 1240 (11th Cir.2009) (internal citations omitted) Federal Rule of Civil Procedure 16(b)(4) provides, in relevant part, that a case management or trial order may be modified for good cause shown and with the consent of the Court. Pursuant to Rule 16(b), the Parties submit that good cause exists to continue the trial period and amend the above-stated deadlines as the Parties have both filed dispositive motions that, if granted in whole or in part, may substantially:

a) narrow the issues for trial;
b) affect the evidence to be presented;
c) affect the length of the trial;
d) affect the number, length and substance of jury instructions;
e) affect demonstrative exhibits; and
f) affect the number of witnesses (who are located all over the country -- from California to New Jersey to Florida).

In the interest of judicial efficiency and economy, the Parties submit that a continuance of trial-related deadlines, including the submission of the Joint Final

Pretrial Statement, motions *in limine*, deposition designations, exhibit lists, and related filings, until the Court has ruled on the pending dispositive motions. The Parties further submit that a brief stay would conserve judicial resources by having a more streamlined submission of documents and the pre-trial statement, and avoid the significant cost and burden to the Parties of preparing for trial on claims or defenses that may soon be resolved.

Pursuant to Local Rule 3.01(g), undersigned counsel communicated with Mr. Gigliotti, counsel for the Defendants, regarding the relief requested and this Motion and Defendants join in this Motion.

WHEREFORE, the Parties respectfully request that the Court enter an order continuing the current trial date and all pretrial deadlines pending the Court's resolution of the Parties' cross-motions for summary judgment, and for such other relief as the Court deems just and appropriate.

Dated: June 20, 2025,

Respectfully submitted,

/s/ Cameron S. Frye
CAMERON S. FRYE (Lead Counsel)
Florida Bar Number 105142
de Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
cfrye@dsklawgroup.com

– and –

NEIL D. GREENSTEIN
ndg@techmark.com
(*Pro hac vice to be filed*)
TechMark
1751 Pinnacle Drive, Suite 1000
Tysons, VA 22102
Telephone: (347) 514-7717
E-mail: ndg@techmark.com

*Attorneys for Plaintiff*

/s/ Louis R. Gigliotti
Louis R. Gigliotti, Esq.
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
Ph/Fax: (954) 922 8214
lgigliotti@bellsouth.net

*Attorney for Defendants*