UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WHEEL PROS, LLC,

Plaintiff,

v. Case No: 6:22-cv-2171-JSS-NWH

RHINO TIRE USA, LLC, QINGDAO RHINO INTERNATIONAL CO., LTD., QINGDAO RHINO INT'L CO., LTD and WILLIAM YI,

Defendants.
___________________________________/

**AMENDED PRETRIAL ORDER**

In light of the parties' unavailability for trial in June 2026, the court reschedules the trial of this matter. Trial in this matter is set for the August 2026 trial term commencing on August 10, 2026. Upon consideration and pursuant to Fed. R. Civ. P. 16, it is **ORDERED**:

1. **Date of Trial**. The court sets the trial in this matter for a jury trial during the August 2026 trial term before the undersigned in Courtroom 6C. This case is set for a date-certain trial commencing on August 10, 2026.

2. **Length of Trial**. The court will discuss the length of the trial with the parties at the Final Pretrial Conference. The parties estimate that 7 days will be needed to try the case. Trial will begin at 9:00 a.m. and end at 5:00 p.m., with one fifteen-minute break in the morning, one fifteen-minute break in the afternoon, and one sixty-minute lunch recess at noon.

3. **Final Pretrial Conference.** The final pretrial conference will be held on July 16, 2026 at 11:00 AM in Courtroom 6C pursuant to Fed. R. Civ. P. 16(e). The final pretrial conference must be attended by at least one attorney who will conduct the trial for each party.

4. **Pretrial Statement**. The pretrial statement in this matter is due June 18, 2026.

5. **Witnesses**.

   a. The parties shall file their witness lists along with the joint pretrial statement.

   b. The parties shall file their final witness lists no later than June 18, 2026. An original and three copies of the final witness lists shall be submitted to the Courtroom Deputy Clerk on the morning of trial.

6. **Number of Jurors**. Eight jurors will be empaneled to try this case, with two serving as alternates. The jurors shall deliberate unless excused for cause by the court. *See* Fed. R. Civ. P. 48.

7. **Voir Dire**. The court will conduct the jury voir dire, giving due consideration to questions proposed by the parties. After the court concludes, counsel shall have fifteen minutes each to conduct voir dire. Counsel must electronically file their proposed voir dire questions and email a Microsoft Word copy to chambers by June 18, 2026.

8. **Challenges**. Each side will be allowed to exercise three peremptory challenges. *See* 28 U.S.C. § 1870. The parties will exercise their strikes alternately, beginning with Plaintiff. Back-striking is permitted.

9. **Exhibits**.

a. The parties shall file their exhibit lists along with the joint pretrial statement.

b. The parties shall meet on or before June 4, 2026 to exchange exhibit lists and pre-marked exhibits in accordance with M.D. Fla. Local Rule 3.07.

c. The parties shall file their final exhibit lists no later than June 18, 2026. An original and three copies of the exhibit lists shall be submitted to the Courtroom Deputy Clerk on the morning of trial.

d. The morning of trial, each party shall provide the court with two courtesy binders of their exhibits and one set of pretagged exhibits. This set of exhibits shall include the appropriate colored exhibit tags stapled to the upper right-hand corner of the first page. All exhibits shall be pre-marked pursuant to Local Rule 3.07. Joint exhibits which are not objected to shall be introduced and admitted at the outset of the case. Photo substitutes of physical exhibits must be provided to the Courtroom Deputy Clerk immediately upon the close of evidence.

10. **Deposition Testimony**. Any deposition designations for use at trial are due by June 18, 2026. Objections to Deposition Designations and Counter-Designations are due by June 25, 2026. Objections to Counter-Designations are due by July 2, 2026.

11. **Pretrial Motions**. All motions, including motions in limine are due by June 25, 2026, with responses thereto due by July 9, 2026.

12. **Jury Instructions**. The parties shall meet and confer to file one set of proposed jury instructions by June 18, 2026. The proposed jury instructions must be arranged in the order that the parties want the instructions read to the jury during the trial. If a proposed jury instruction is disputed, each party must support the basis of their position with legal authority. Also by June 18, 2026, the parties must submit a Microsoft Word copy of their proposed jury instructions to chambers.

13. **Verdict Form**. The parties shall meet and confer to file one proposed verdict form by June 18, 2026. Also by June 18, 2026, the parties shall submit a Microsoft Word copy of their proposed verdict form to chambers.

14. **Trial Procedures**. The following procedures shall govern the course of the trial in this case:

    a. **Opening Statements.** The court will not impose a stringent time limit on opening statements. However, the court emphasizes the importance of an efficient presentation and, therefore, discourages

unduly lengthy opening statements. Accordingly, counsel is advised to limit opening statements to ten to fifteen minutes. The use of exhibits during opening statements will be determined on a case-by-case basis. Generally, demonstrative exhibits are permitted, but no exhibits may be used that have not yet been introduced into evidence. Plaintiffs are not permitted to provide rebuttal during opening statements.

b. **Examination of Witnesses and Presentation of Evidence**. Examination of witnesses is limited to direct examination, cross-examination, and re-direct examination. Fed. R. Evid. 611. Examination of witnesses must be conducted efficiently, with civility, and in accordance with the Local Rules.

c. **Objections**. In making objections, counsel must stand and announce the legal basis for the objection without further argument. M.D. Fla. Local R. 5.03(c)(5). The responding attorney must respond with the legal basis for opposing the objection.

d. **Exhibits**. All exhibits must be pre-marked in accordance with Local Rule 3.07. Final exhibit lists must be filed by June 18, 2026. Each party must submit an original and three copies of the exhibit list and two copies of exhibits to the Courtroom Deputy Clerk on the date of the trial.

e. **Witness Lists**. Final witness lists must be filed by June 18, 2026. Each party must submit an original and two copies of the final witness list to the Courtroom Deputy Clerk on the date of the trial. The parties must meet to exchange witness lists at least one week before the scheduled trial date.

f. **Witnesses**. It is the responsibility of each attorney to make sure that her/his witnesses are present when needed to testify. It is also counsel's responsibility to make sure that her/his witnesses are properly dressed for court appearances. In particular, shorts, sweatpants, tank tops, and clothing bearing obscene or other inappropriate words or images are not permitted in the courtroom.

g. **Decorum**. Each attorney shall admonish their client(s) and office staff not to exhibit inappropriate behavior in the presence of the jury. Inappropriate conduct shall include, but not be limited to, facial gestures and audible comments. Counsel are directed to refer to their clients, each other, members of the jury and all witnesses only by surnames and not by their first or given names. The conduct of this trial shall be pursuant to and consistent with the Florida Bar, Trial Lawyers Section's, Guidelines for Professional Conduct, specifically Section M thereof, "Trial Conduct and Courtroom Decorum," other than as modified herein and Rule 5.03, Local Rules of the Middle

District of Florida – Courtroom Decorum. No gum chewing. Please advise your clients and witnesses.

15. **Courtroom Equipment**. If counsel intend to use electronic equipment during trial, they are encouraged to schedule an appointment with the Courtroom Deputy Clerk by emailing grace_farey@flmd.uscourts.gov for a demonstration of the technology and to test equipment compatibility in advance of trial.

**ORDERED** in Orlando, Florida, on May 6, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record